IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC POINDEXTER | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KENNETH CAMERON, et al. | : | NO. 14-1891 |

## REPORT AND RECOMMENDATION

ELIZABETH T. HEY, U.S.M.J.                                                                                    May 19, 2015

      This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Eric Poindexter ("Poindexter"), who is currently incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania. For the reasons that follow, I recommend that the petition be denied.

**I.     FACTS AND PROCEDURAL HISTORY**

      On September 17, 2009, following a trial before the Honorable Dennis Reinaker, of the Lancaster County Court of Common Pleas, a jury found Poindexter guilty of robbery and criminal conspiracy. N.T. 9/17/09 at 319-20. The charges arose from the November 15, 2008 gunpoint robbery of a Family Dollar store on South Duke Street in Lancaster. N.T. 9/16/09 at 80-82. Three clerks identified Poindexter and described him threatening them with a gun and tying the arms of two of the three with plastic (zip) ties. N.T. 9/16/09 at 81-82, 89, 100-03, 108, 120-22. All three clerks also said that Poindexter used a cell phone while in the store, directing someone to meet him at the back of the store. Id. at 89-90, 106, 124, 126. On December 11, 2009, Judge Reinaker sentenced

Poindexter to an aggregate term of 7½ -to- 20 years' imprisonment (5 -to- 10 years for robbery and a consecutive term of 2½ -to-10 years on conspiracy).

On direct appeal, Poindexter argued that the trial court erred in failing to suppress certain photographs that were shown to the clerks and used to identify him. Commonwealth v. Poindexter, No. 396 of 2009, Statement of Errors Complained of on Appeal (Lanc. C.C.P. filed Feb. 12, 2010).  On August 16, 2010, the Superior Court affirmed the judgment of sentence.  Commonwealth v. Poindexter, No. 143 MDA 2010 (Pa. Super. Aug. 16, 2010).  Poindexter filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court on March 9, 2011.  Commonwealth v. Poindexter, 648 MAL 2010 (Pa. Mar. 9, 2011).

On May 30, 2012, Poindexter filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9551.  Counsel was appointed to represent Poindexter and filed an amended petition claiming that (1) appellate counsel was ineffective for failing to challenge the sufficiency of the evidence with respect to the charge of criminal conspiracy, (2) trial counsel was ineffective for failing to object after Poindexter appeared in front of the jury pool in identifiable prison garb and was identified by one of the members of the venire as an inmate at Lancaster County Prison, and (3) trial counsel was ineffective for failing to object to the admission of a cell phone seized from Poindexter's car.  Commonwealth v. Poindexter, No. CP-36-CR-0000396-2009, Amended Motion for Post-Conviction Collateral Relief (Lanc. C.C.P. filed Sept. 26, 2012).  Judge Reinaker held an evidentiary hearing on December 7, 2012, at which trial counsel, appellate counsel, and Poindexter

2

testified.  N.T. 12/7/12.  On March 11, 2012, Judge Reinaker denied the PCRA petition, finding that the evidence was sufficient to support the conviction for criminal conspiracy, that Poindexter was not prejudiced by counsel's failure to object to Poindexter's appearing in prison garb and being identified by a venire member as a Lancaster County Prison inmate, and that counsel was not ineffective for failing to challenge the admission of the cell phone as such an objection was meritless and defense counsel used the admission of the cell phone to bolster the defense.  Commonwealth v. Poindexter, No. 396-2009, Opinion and Order (Lanc. C.C.P. Mar. 11, 2013).

Poindexter appealed and on November 1, 2013, the Superior Court affirmed the denial of PCRA relief.  Commonwealth v. Poindexter, 568 MDA 2013 (Pa. Super. Nov. 1, 2013).  Poindexter filed a petition for allowance of appeal, which was denied by the Pennsylvania Supreme Court on April 2, 2014.  Commonwealth v. Poindexter, 884 MAL 2013 (Pa. Apr. 2, 2014).

On March 27, 2014,[1] Poindexter filed this petition for habeas corpus, reiterating the claims he presented in his PCRA appeal – namely ineffective assistance of appellate counsel for failing to challenge the sufficiency of the evidence with respect to the conspiracy conviction, and ineffective assistance of trial counsel for failing to object to Poindexter's appearance in prison garb before the jury and his identification by a

---

[1] Although the petition was docketed on March 31, 2014, the federal court employs the "mailbox rule," which requires the court to deem a petition filed when given to prison authorities for mailing.  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).  Poindexter signed his petition on March 27, 2014, and I will assume that he gave the petition to prison authorities for mailing on that date.

Lancaster County Prison guard, and for failing to object to the admission of the cell phone. See Doc. 1 ¶ 12. The District Attorney responded that all of Poindexter's claims are meritless, to which Poindexter filed a reply. See Docs. 10 & 15.[2]

## II. LEGAL STANDARDS

### A. Merits Review

The federal courts' habeas review is limited in nature. The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which became effective on April 24, 1996, amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000). AEDPA increased the deference federal courts must give to the factual findings and legal determinations of the state courts. Id. at 196 (citing Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996)). Pursuant to 28 U.S.C. § 2254(d), as amended by AEDPA, a petition for habeas corpus may only be granted if (1) the state court's adjudication of the claim "resulted in a decision contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or if (2) the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Factual issues determined by a state court are presumed to be correct, rebuttable only by clear and convincing evidence. Werts, 228 F.3d at 196 (citing 28 U.S.C. § 2254(e)(1)).

---

[2] It appears that Poindexter's Reply was filed twice at both Documents 15 and 16.

The Supreme Court has explained that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  With respect to "the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.  The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409.  As the Third Circuit has noted, "an unreasonable application of federal law is different from an incorrect application of such law and a federal habeas court may not grant relief unless that court determines that a state court's incorrect or erroneous application of clearly established federal law was also unreasonable." Werts, 228 F.3d at 196 (citing Williams, 529 U.S. at 411).

### B.   Ineffective Assistance of Counsel

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth the standard for a petitioner seeking habeas relief on the grounds of ineffective assistance of counsel.  First, the petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the petitioner must show that the deficient performance prejudiced

the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Id. at 687.  In determining prejudice, the question is whether there is a reasonable probability that the result of the proceeding would have been different.  Id. at 694; see also Smith v. Robbins, 528 U.S. 259, 284 (2000) (prejudice prong turns on "whether there is a reasonable probability that, absent the errors, the petitioner would have prevailed").  The Third Circuit has held that counsel will not be considered ineffective for failing to pursue a meritless argument.  Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998).

## III.  DISCUSSION[3]

### A.  Ground One – Ineffective Assistance of Appellate Counsel

Poindexter first argues that his appellate counsel was ineffective for failing to challenge the sufficiency of the evidence to support the conviction for criminal conspiracy.  Doc. 1 ¶ 12 GROUND ONE.  Specifically, Poindexter argues that the testimony that the perpetrator spoke on a cell phone during the robbery was insufficient

---

[3]The petition is timely.  Poindexter's conviction became final on June 7, 2011, 90 days after the Pennsylvania Supreme Court denied allocator.  See Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999) (conviction becomes final when time for seeking next level of appeal expires if the appeal is not taken); Supreme Court Rule 13(1) (petitioner has 90 days to file petition for certiorari).  The one-year AEDPA limitations period ran from that date until Poindexter filed his PCRA petition on May 30, 2012 -- a period of 358 days -- leaving 7 days in which to file a timely habeas petition upon completion of the PCRA proceedings.  Before the Pennsylvania Supreme Court denied allocator in his PCRA appeal, Poindexter filed his habeas petition.  Thus, it is timely.

Poindexter has also exhausted his state court remedies by presenting his habeas claims to the trial court in his PCRA petition and the Superior Court on PCRA appeal.

to prove a conspiracy.  The District Attorney responds that, because there was sufficient evidence to support the conspiracy conviction, counsel cannot be considered ineffective for failing to present the claim on appeal.  Doc. 10 at 15.

At the PCRA hearing, appellate counsel testified that she did not challenge the conspiracy conviction on appeal because she felt there was sufficient evidence to convict Poindexter of conspiracy.  N.T. 12/7/12 at 5.

> [I]t was the testimony of the clerks stating that he had called someone that I felt was sufficient [to sustain the conspiracy conviction] because it wasn't really necessary for them to ever find – and the law states that it's not necessary for them to ever actually find a co-conspirator to charge someone.  They only need to see evidence of a conspiracy to charge.

Id. at 8.

Relying on the PCRA court's opinion, the Superior Court rejected Poindexter's claim.

> The record in this case clearly demonstrates that the evidence was sufficient to sustain a conviction for Criminal Conspiracy.  Appellate counsel testified at the PCRA hearing that she did not raise a claim of insufficient evidence because she "felt there was sufficient evidence to convict him of conspiracy."  At the time of the robbery, three store clerks were present who ultimately testified at trial.  Each clerk testified that they saw [Poindexter] use a cell phone to communicate with another person and that [Poindexter] told the other person to meet him in the back in two minutes.  [Poindexter] then walked to the back of the store with the store clerks and had one of them open the back door so that he could exit, presumably to meet whoever he had communicated with via cell phone.  Considering the testimony presented at trial in the light most favorable to the

7

> Commonwealth, there was sufficient evidence to sustain a conviction for Criminal Conspiracy. Accordingly Appellate Counsel cannot be deemed ineffective for failing to raise a meritless issue.
>
> PCRA Court Opinion (PCO), 3/11/13, 3-4.
>
> The PCRA Court's analysis is supported by the record and is free of legal error. While we agree with [Poindexter] that his act of speaking on the phone and telling the person on the other end to pick him up in two minutes *may* not establish sufficient evidence of a conspiracy, we need not consider that specific question because it does not encompass the full extent of the of the evidence of conspiracy presented by the Commonwealth in this case. [Poindexter's] phone call, *coupled with the fact that [Poindexter] directed the call's recipient to pick him up at the back door of the store,* permitted the jury to infer the presence of a conspiracy when viewing the evidence in a light most favorable to the Commonwealth. Accordingly, we conclude that the PCRA court did not abuse its discretion in determining that a sufficiency claim regarding [Poindexter's] conspiracy conviction lacked arguable merit and, therefore, that [Poindexter's] first [ineffective assistance of counsel] claim fails.

Commonwealth v. Poindexter, No. 568 MDA 2013 at 5-6 (Pa. Super. Nov. 1, 2013) (emphasis in original).

Under state law, to sustain a conviction for criminal conspiracy, the Commonwealth must prove that the defendant "(1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and (3) and overt act was done in furtherance of the conspiracy." Commonwealth v. McCall, 911 A.2d 992, 996 (Pa. Super. 2006) (citing Commonwealth v. Hennigan, 753 A.2d 245, 253 (Pa. Super. 2000)); see also 18 Pa. C.S.A. § 903(a). Guided by this definition, and after reviewing the trial transcript, I conclude that the state court's

determination of this claim was not contrary to nor an unreasonable application of Strickland, and did not result in an unreasonable determination of the facts.

During the trial, Myra Melendez, one of the Family Dollar clerks, testified that Poindexter used a cell phone while in the store during the robbery "telling someone to meet him in the back . . . [in l]ike five minutes." N.T. 9/16/09 at 89-90. Ingrid Pagan, another of the clerks who had worked at the Family Dollar only a short time, also testified that, after asking the women if they had cell phones, which they did not, Poindexter used his own phone to make a call and told someone "he'd be out in two minutes" and walked to the back of the store. Id. at 106-07. Finally, Zurma Davila, the assistant manager of the Family Dollar, testified that as he directed the women to the back of the store, he made a call telling someone "I'll be out there like in two minutes." Id. at 124. After sending the other two women to the basement, [Poindexter] directed Ms. Davila to open the back door to let him out and told her to cover her eyes. Id. at 124-25. According to Ms. Davila, when Poindexter left he said, "oh, shit," because "the people that he was supposed to meet wasn't there at the moment when he got there." Id. at 125.

From this testimony the jury could reasonably infer that Poindexter was communicating with a get-away driver during the robbery and directing him to pick up Poindexter at the back of the store based on a prearranged plan. Although Poindexter complains that it is not enough that the evidence allow the inference of a conspiracy, see Doc. 15 at 4-5, "[i]nferences from established facts are accepted methods of proof when no direct evidence is available so long as there exists a logical and convincing connection

9

between the facts established and the conclusion inferred." United States v. McNeill, 887 F.2d 448, 450 (3d Cir. 1989).

Here, the jury's determination was reasonable based on the facts.  First, Poindexter made this call during the robbery, while he had three women held at gunpoint.  Clearly, whatever information he was conveying was of some urgency.  Second, he directed someone to meet him in the "back" and without identifying the location, indicating a prior plan and a desire not to be seen at the public entrance.  Third, he was specific in his direction that he would be there in two minutes.  Clearly, he did not want the person waiting behind the store, which could alert someone to the crime.  Finally, when he exited the store, he directed Ms. Davila to cover her eyes to avoid seeing his means of escape.  Thus, as appellate counsel testified at the PCRA hearing, she did not raise the issue because she "felt there was sufficient evidence to convict [Poindexter] of conspiracy." N.T. 12/7/12 at 5.  Appellate counsel will not be considered ineffective for failing to raise a meritless argument.  Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998).  The state court's determination of this claim was consistent with Strickland and a reasonable determination of the facts.

    **B.**     **Ground Two – Ineffective Assistance of Counsel Regarding Prison Garb**

Poindexter next argues that trial counsel was ineffective for failing to object when Poindexter appeared in front of the jury in prison garb and was identified by a potential

juror during voir dire as an inmate at the Lancaster County Prison.[4]  Doc. 1 ¶ 12

GROUND TWO.  The District Attorney argues that neither event -- the jury seeing Poindexter in prison garb nor a potential juror stating that he knew Poindexter from the Lancaster County Prison -- prejudiced the defense.  Doc. 10 at 16-19.

As previously mentioned, in order to succeed on an ineffective assistance of counsel claim, the petitioner must show both that his lawyer's performance was deficient and that that deficient performance prejudiced the defense.  Here, the Superior Court found that Poindexter failed to establish that his defense was prejudiced by counsel's failure to object to his appearance in prison garb and Juror Number 25's statement.

> That some degree of prejudice may have resulted does not satisfy the prejudice prong of the [ineffective assistance of counsel] test; to satisfy that prong, [Poindexter] must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness.  In this case, as was noted by the PCRA court, there was overwhelming evidence of [Poindexter's] guilt, as all three store clerks testified that [Poindexter] entered the store and tied up their hands, he threatened them with a gun, took money from the store, and that [Poindexter] made a phone call for someone to meet him in the back of the store.[5]  The victims were tied up with zip ties similar to those discovered in [Poindexter's] car.  Also in [Poindexter's] car, police discovered a backpack similar to the one used in the robbery.  Similar shoes to those worn by the perpetrator were found in [Poindexter's] home.  Given the volume of evidence in this case, it is extremely doubtful that Trial Counsel's failure to

---

[4]Specifically, during voir dire, the court asked if any of the potential jurors knew either of the lawyers, the representative of the police department, or Mr. Poindexter. Juror Number 25 raised his hand and when asked whom he knew, responded, "[t]he defendant.  I'm a corrections officer at the Lancaster County Prison."  N.T. 9/15/09 at 17.

[5]I note that Ms. Davila testified that Poindexter did not tie her hands, but she saw that he had tied Ms. Melendez' and Ms. Pagan's hands.  N.T. 9/16/09 at 121, 171.

11

> seek a remedy for [Poindexter's] appearance in prison garb during jury selection (but not during trial), was outcome determinative, even when accounting for the potential effect of Juror 25's comment. Accordingly, we conclude that the PCRA court's rejection of [Poindexter's] [ineffective assistance of counsel] claim regarding his appearance in prison garb is supported by the record and free of legal error.

Commonwealth v. Poindexter, No. 568 MDA 2013 at 10-11 (Pa. Super. Nov. 1, 2013) (internal quotations and citations omitted).[6]

During the PCRA hearing, trial counsel explained that he had made arrangements for Poindexter to have civilian clothes for the trial. N.T. 12/7/12 at 11. Counsel expected jury selection to take place the following day, but the judge proceeded with jury selection immediately following denial of a suppression motion. Id. at 11-12. Thus, there is no dispute that Poindexter appeared at jury selection in his prison attire.[7] However, considering all the evidence, I cannot conclude that there is a reasonable probability that, but for his appearance in prison garb, the outcome would have been different.

In addition to the eyewitness testimony of the three victims identifying Poindexter, the Commonwealth also presented physical evidence linking him to the crime. At trial Ms. Davila stated that the perpetrator was wearing a gray hoodie, a black nylon cap, a

---

[6] Throughout its opinion, the Superior Court cited state caselaw governing ineffective assistance of counsel. The state-law standard however, is identical to the Strickland standard.

[7] At the PCRA hearing, Poindexter testified that he was wearing green prison pants with a number on the hip and a white T-shirt with a number on the back during jury selection. N.T. 12/7/12 at 25. Trial counsel testified that Poindexter was wearing something to cover up his T-shirt so it would not be evident that it was a prison uniform. Id. at 12. Counsel believed that it would not be obvious as long as Poindexter remained seated. Id. The court, in introducing Mr. Poindexter, asked him to stand and face the jury panel. N.T. 9/15/09 at 17.

black jacket and sunglasses. N.T. 9/16/09 at 120. Ms. Pagan also said the perpetrator had a gray hooded sweatshirt and sunglasses. Id. at 101. Ms. Melendez testified that the perpetrator had a silver gun, but believed the hoodie was blue. Id. at 81, 90. Officer Matt Odenthal, who responded to the Family Dollar robbery, testified that Ms. Davila described the perpetrator wearing a black leather jacket, gray hoodie, blue jeans, and dark sneakers with white soles. N.T. 9/16/09 at 169-70.

During the trial, Detective John Burkhart testified that after the victims of the robbery had identified a photograph of Poindexter from a photo array, he obtained search warrants for Poindexter's house and car. N.T. 9/16/09 at 180-81, 183-84.[8] Included among the items seized from Poindexter's car and admitted into evidence were two sets of zip ties, a plastic gun case, a black nylon do-rag or wave cap, and a Samsung T-Mobile cellular phone. Id. at 185-95. Detective George Bonilla testified that among the items seized from Poindexter's house and presented into evidence were a black nylon holster, a gray hooded sweatshirt, a pair of black sneakers, and a black and silver gun. Id. at 204-06, 210-11. Considering all of this evidence, including the testimony of the three victims of the robbery, identifying Poindexter, his appearance in prison garb does not undermine the court's confidence in the outcome of the trial.

To the extent Poindexter complains that Juror 25's statement during jury selection disclosed a prior conviction, his claim is not supported by the record. Along with the abundance of evidence against him, Poindexter testified in his own defense and admitted

---

[8]The searches took place on December 16, 2008, a month after the robbery. N.T. 9/16/09 at 185, 195-96, 202.

pleading guilty to retail theft in 2002 or 2003.  N.T. 9/17/09 at 250.  Thus, Poindexter suffered no prejudice by Juror 25's statement.  Moreover, trial counsel explained that he expected there would be a curative instruction and he did not want to draw further attention to the fact that his client was a prisoner.  N.T. 12/7/12 at 15-16.[9]

Because the state court's adjudication of this claim was neither contrary to nor an unreasonable application of Strickland, and involved a reasonable determination of the facts, the claim fails.

### C.    Claim 3 - Ineffective Assistance of Counsel Regarding Admission of the Cell Phone

Finally, Poindexter complains that his trial counsel was ineffective for failing to challenge the admission of a cell phone, arguing that this evidence was irrelevant and prejudicial.  Doc. 1 ¶ 12 GROUND THREE.  As previously mentioned, Detective Burkhart presented into evidence the items that he seized from Poindexter's car, including a cell phone.  N.T. 9/16/09 at 186-87.[10]  In responding to the habeas petition, the District Attorney argues that counsel had a reasonable basis for not objecting and that Poindexter suffered no prejudice as a result of the admission of the cell phone.  Doc. 10 at 20.

---

[9]The court did provide a cautionary instruction regarding Poindexter's prior conviction for retail theft and instructed the jury that the retail theft conviction could not be used as evidence of Poindexter's guilt in this case, but could be considered in judging his credibility.  N.T.  9/17/09 at 291.

[10]According to Detective Burkhart's police report, the call log of the seized phone did not indicate that the phone was used on the night of the robbery.  See Exh. P attached to Response.

The Superior Court found that the cell phone was relevant evidence and admissible, and that its probative value outweighed any prejudice.

> Here, we agree with the PCRA court that the cell phone was relevant evidence. The failure of the prosecution to demonstrate that the phone was used during the robbery goes to the weight of the evidence, not its relevancy. Nevertheless, it must also be considered whether the admission of such evidence was more prejudicial than probative, and we believe the record demonstrates that it was not. After the cell phone was admitted into evidence, little attention was drawn to it. The Commonwealth did not make use of it during the prosecutor's closing argument. Furthermore, the possession of a cell phone is now so ubiquitous that the prejudice resulting from its admission into evidence was negligible. Thus, we agree with the PCRA court that [Poindexter's] claim lacks arguable merit because the phone was properly admitted into evidence. The PCRA court's determination was supported by the record and free of any legal error. Accordingly, [Poindexter's] final [ineffective assistance of counsel] claim fails.

Commonwealth v. Poindexter, No. 568 MDA 2013 at 12-13 (Pa. Super. Nov. 1, 2013).

The admissibility of evidence is ordinarily a matter of state law, see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991), and both the trial court and the Superior Court concluded that the cell phone was properly admitted. Thus, counsel could not be considered ineffective for failing to object to its admission. See Parrish, 150 F.3d at 328 (counsel not ineffective for failing to make a meritless argument).[11]

---

[11] Although ordinarily a state law issue, questions involving the admission of evidence may rise to a due process violation.
> When it must be said that the probative value of such evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission, then use of such evidence by a state may rise to the posture of fundamental fairness and due process of law.

15

Moreover, "[b]ecause advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected . . . if they are based on professional judgment." Strickland, 466 U.S. at 681. Here trial counsel testified at the PCRA hearing that he believed admission of the cell phone was helpful to the defense. "I believed that the cell phone was just one more in a litany of objects that essentially indicated that this was a fishing expedition. And so from that standpoint, I believed it was useful." N.T. 12/7/12 at 19. Although counsel did not draw any additional attention to the phone in closing, he did make the point that the investigation was a fishing expedition by referring to the multiple pairs of sunglasses and multiple hoodies found in Poindexter's house and car from which the jury could "take your pick and decide which matches best . . . ." N.T. 9/17/09 at 268. Although, in hindsight, this defense was not successful, Strickland teaches that the court cannot judge an attorney's representation using "the distorting effects of hindsight." 466 U.S. at 689.

Finally, Poindexter cannot establish prejudice under Strickland. During trial, the only mention of the seized phone was Detective Burkhart's inventory of items he found in Poindexter's car. N.T. 9/16/09 at 187. The prosecutor made no mention of this phone during closing argument. In light of the other evidence which has been discussed at length, Poindexter's possession of a cell phone, which as the Superior Court noted is now commonplace, did not prejudice the defense.

---

Bisaccia v. Attorney Gen. of N.J., 623 F.2d 307, 313 (3d Cir. 1980). "[O]nly if the inflammatory nature of [the evidence] so plainly exceeds its evidentiary worth, will we find that a constitutional error has been made." Lesko v. Owens, 881 F.2d 44, 52 (3d Cir. 1989). As discussed in the body of this Report, the admission of the cell phone found in Poindexter's car does not rise to this level.

## IV.     CONCLUSION

Poindexter has presented three exhausted claims of ineffective assistance of counsel in his timely habeas petition.  Because I conclude that the state court's determination of the three claims was not contrary to nor an unreasonable application of the Strickland standard, and did not result in an unreasonable determination of the facts, I will recommend that the petition be denied.

Accordingly, I make the following:

## RECOMMENDATION

AND NOW, this   19th   day of   May   , 2015, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DENIED. There has been no substantial showing of the denial of a constitutional right.  The parties may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ELIZABETH T. HEY
_____
ELIZABETH T. HEY, U.S.M.J.